IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DONIEL CARTER

      Plaintiff,

      v.

Case No.: 18-cv-727

STATE OF WISCONSIN, DEPARTMENT OF CORRECTIONS,
c/o SECRETARY OF THE DEPARTMENT OF CORRECTIONS
JON LITSCHER

ERIKA WATSON (F/K/A ERIKA GRANSELL)

      Defendants.

**THE PARTIES' JOINT RULE 26(f) PRELIMINARY
PRETRIAL CONFERENCE REPORT**

Pursuant to the Court's Order Governing Preliminary Pretrial Conferences, Plaintiff Doniel Carter, appearing by attorneys Lisa C. Goldman of DAVEY & GOLDMAN and defendant Erika Watson, appearing by Attorney David J. Lang of Judge Lang & Katers, LLC, submit this preliminary pretrial conference report. The attorneys can be reached at the following numbers for purposes of the pretrial scheduling conference:

      Attorneys Lisa Goldman and Bruce Davey: (608)630-9700;

      Attorney David Lang: 414-777-0778.

**Planning Meeting**.

1

Through their attorneys, the parties have conferred regarding the basis of the claims and defenses and the possibility of settlement. Specifically, regarding discovery and the proposed schedule below, the parties conferred on Tuesday, October 16, 2018, through attorneys Lisa Goldman of Davey & Goldman for plaintiff, and David J. Lang of Judge Lang & Katers for defendant Watson. The parties have exchanged drafts of this document as well until resolution was agreed upon as follows.

**Statement of the nature of the case**

**Joint Statement**.

Nature of the Case. Plaintiff, Doniel Carter, was incarcerated in the Wisconsin Prison System. Erika Watson was employed as a prison guard in the same prison and was assigned to the area in which Mr. Carter was housed. She has supervisory authority over his movements, his work, and other aspects of his life in prison. Mr. Carter alleges he was sexually assaulted by Erika Watson on numerous occasions during his period of incarceration. He also alleges other unlawful and demeaning conduct that defendant Watson subjected him to and as elaborated on in the amended complaint.

The Defendant has denied all allegations of wrongful conduct.

**Amendments and Joining New Parties**.

At this time, the parties anticipate further amendments to the pleadings and joining new parties. Plaintiff should be required to join additional parties and amend the pleadings by May 1, 2019. Defendants shall be required to join additional parties and amend the pleadings by July 1 2019.

**Preliminary Disclosures**.

The parties will exchange disclosures pursuant to Rule 26(a)(1) by November 7, 2018.

**Parties' Discovery Plan**.

The parties jointly propose the following discovery plan:

**Discovery Subjects**. Discovery may be needed on all allegations contained in the Amended Complaint, the Answer to the Complaint, and all other pleadings that may be filed in this matter including counterclaims and pleadings against other parties. Parties anticipate written discovery, electronic discovery, and discovery by deposition. Because many of the potential deponents are third parties and /or incarcerated some distance from counsels' offices, and whose contact information may not be readily available, the parties anticipate the need for sufficient time to conduct discovery.

**Motions contemplated by the parties:** The parties anticipate summary judgment pleadings. No other motions are contemplated at this time.

**Estimate length of trial:** The parties anticipate a trial lasting one week and the plaintiff has requested a jury trial as outlined in his complaint and amended complaint.

**Issues which might affect the scheduling the trial:** Plaintiff anticipates amending the complaint to add additional parties and claims. Those parties will need time to conduct discovery once added. That said, the parties understand the court is not likely to set trial dates until after summary judgment pleadings have been filed and decided. So, the goal would be to give the parties time to conduct discovery, to amend the pleadings, and then to give those new parties time to get up to speed and participate in summary judgment pleadings if so desired.

**Both parties have discussed each of the above issues:** Both parties have discussed the above issues.

**Discovery Cut-Off**. All discovery shall be commenced in time to be completed 30 days before the scheduled trial.

**Electronic Discovery**.  The parties have discussed and have identified anticipated issues associated with the discovery of electronic information.  The parties must come to an agreement on such terms to locate the relevant documents.  The parties will work with each other in order to identify the most convenient format in which production may occur.

**Discovery Procedures**.  The parties will engage in discovery and abide by the limitations as set forth in the Federal Rules of Civil Procedure except as stipulated or modified by Court order.

**Expert Witness Reports.**  The parties stipulate to and affirmatively request the Court order reports from retained experts under Rule 26(a)(2) be due:

1. From plaintiff by May 1, 2019;
2. From defendants by August 1, 2019; and
3. Plaintiff's rebuttal expert witnesses by October 15, 2019.

**Dispositive Motion Cut-Off**.  All dispositive motions shall be filed by October 15, 2019.

**Final Witness And Exhibit Lists**.  Final lists of witnesses and exhibits shall be filed in accordance with the Federal Rules of Civil Procedure and the Court's usual practice and procedures.

**Other Items**.

**Final Pretrial Conference**.  The parties request a final pretrial conference on or after **January 2, 2020**.

**Trial.**  The case(s) should be ready for trial on or after **January 2, 2020**.

**Related Cases.**  There are no related cases.

Receipt of Admissions of Fact/Documents/Stipulations as to Authenticity. The parties will comply with the Federal Rules of Civil Procedure as to admissions, will exchange relevant documents consistent with the Discovery Plan, see above, and will seek to stipulate to authenticity wherever possible.

Advance Rulings from the Court. The parties do not currently contemplate needing advance rulings from the Court on any evidentiary matters.

Need to Limit Rule 702 Testimony. The parties do not currently contemplate a need to limit testimony under Rule 702, Fed. R. Evid.

Dated: November 7, 2018

DAVEY & GOLDMAN

/s/ Lisa C. Goldman
Lisa C. Goldman, SBN 1029893
Davey & Goldman
5609 Medical Circle, Suite 101
Madison, WI 53719
(608) 630-9700 (telephone)
 (608) 205-5645 (facsimile)
lgoldman@daveygoldman.com (email)
Attorney for the Plaintiff Doniel Carter

JUDGE LANG & KATERS, LLC

/s/ David J. Lange
David J. Lange, SBN
JUDGE LANG & KATERS, LLC
Attorneys for Defendant
Phone :  414-777-0778
-----

5

Case 2:18-cv-00727-PP   Filed 11/07/18   Page 5 of 6   Document 17

## Certificate of Service

I hereby certify that on Saturday, Wednesday, November 7, 2018, I electronically filed the document above with the Clerk of the Court using the ECF system which will send notification of this filing to the defendants' counsel of record who is a registered user on this case.

Dated: November 7, 2018

DAVEY & GOLDMAN

　　　/s/ Lisa C. Goldman
Lisa C. Goldman, SBN 1029893
Davey & Goldman
5609 Medical Circle, Suite 101
Madison, WI 53719
(608) 630-9700 (telephone)
(608) 205-5645 (facsimile)
lgoldman@daveygoldman.com (email)

Attorneys for Plaintiff

6