UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONIEL CARTER,

        Plaintiff,

v.                                      Case No. 18-cv-727-pp

ERIKA WATSON

        Defendant.

**SCHEUDLING ORDER**

      The court has reviewed the joint Rule 26(f) plan, dkt. no. 11, and finds the parties' proposed discovery plan acceptable. The court will adopt the parties' proposed schedule in this order.

      The court advises the parties that, in addition to filing a routine motion under Civil Local Rule 7(a)-(c), or filing an expedited, non-dispositive motion under Civil Local Rule 7(h), the parties may raise discovery disputes that do not require briefing by contacting chambers—with all parties on the line—and asking to resolve the dispute via telephone. If the court is available when the parties call, it will attempt to resolve the dispute (on the record) at that time. If the court is not available, staff will schedule a date and time for a hearing.

      The court strongly encourages parties to begin considering settlement early in the case. There are six magistrate judges in the Eastern District—three active and three recalled—all of whom are experienced mediators. If the parties decide at any point that they would like to utilize a magistrate judge to

1

facilitate mediation, the may request the appointment of a mediator by either calling chambers—with all parties on the line, or by filing a joint motion or stipulation. The court will refer the case to a magistrate judge as soon as possible after receiving such a request.

The court urges parties who need a protective order to use the boilerplate order at the end of the Eastern District's local rules, www.wied.uscourts.gov/local-rules-and-orders-0, at page 53. The court will not sign protective orders that contain provisions that purport to bind the court to place documents under seal. Seventh Circuit law requires the parties to file a separate motion to seal, and to state cause; it is not sufficient for the parties to state as cause that they have agreed that a document should be sealed because of an agreed protective order.

The court encourages parties to visit the court's home page on the Eastern District web site—www.wied.uscourts.gov/judge/pamela-pepper—for practice tips.

In accordance with the parties' Rule 26(f) plan, the court **ORDERS** the following:

The parties shall exchange their Rule 26(a)(1) disclosures by the end of the day on **November 7, 2018**.

The plaintiff shall be amend his pleadings or join any additional parties no later than the end of the day on **May 1, 2019.**

The defendant shall amend her pleadings or join any additional parties no later than the end of the day on **July 1, 2019.**

2

The plaintiff shall disclose the identities of expert witnesses along with reports and supporting documentation, no later than the end of the day on **May 1, 2019**

The defendant shall disclose the identities of expert witnesses, along with reports and supporting documentation, no later than the end of the day on **August 1, 2019.**

The plaintiff shall disclose the identifies of rebuttal witnesses, along with reports and supporting documentation, no later than the end of the day on **October 15, 2019.**

The parties shall compete discovery no later than the end of the day on **November 15, 2019.**

A party wishing to file dispositive motions must do so by the end of the day on **November 15, 2019.** The response and reply deadlines mandated by Civil Local Rule 56 shall apply.

Once the court resolves any dispositive motions, it will contact the parties to schedule final pretrial conference and trial dates.

The court **ORDERS** that when any party files a proposed findings of fact, the party shall e-mail a Word version of those proposed findings to PepperPO@wied.uscourts.gov.

Dated in Milwaukee, Wisconsin this 16th day of November, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**