IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DONIEL CARTER,

    Plaintiff,

    v.                         Case No. 18-CV-0727

STATE OF WISCONSIN,
DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

## DEFENDANT TARA WEIDEMAN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Tara Weideman, by her attorneys, Attorney General Joshua L. Kaul and Assistant Attorneys General Brandon T. Flugaur and Katherine C. Polich, answers Plaintiff's Second Amended Complaint as follows:

### NATURE OF THE CLAIM

1. Defendant AFFIRMATIVELY ASSERTS that Plaintiff's allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendant DENIES.

2. Defendant AFFIRMATIVELY ASSERTS that Plaintiff's allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendant DENIES.

3. Defendant AFFIRMATIVELY ASSERTS that Plaintiff's allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendant DENIES.

4. Defendant AFFIRMATIVELY ASSERTS that Plaintiff's allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendant DENIES.

5. Defendant ADMITS.

6. Defendant DENIES that Plaintiff is entitled to any relief.

## JURISDICTION

7. Defendant AFFIRMATIVELY ASSERTS that Plaintiff's allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendant ADMITS this Court has jurisdiction.

8. Defendant AFFIRMATIVELY ASSERTS that Plaintiff's allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendant ADMITS this Court has jurisdiction.

## VENUE

9. Defendant AFFIRMATIVELY ASSERTS that Plaintiff's allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendant ADMITS venue is proper in this case.

## JURY DEMAND

10. Defendant joins in Plaintiff's request for a jury trial.

## PARTIES

11. Defendant ADMITS Plaintiff was previously an inmate of the Wisconsin Department of Corrections and was housed at Fox Lake Correctional Institution in May 2012. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENIES.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

13. Defendant ADMITS.

14. Defendant ADMITS.

15. Defendant ADMITS.

16. Defendant DENIES. Defendant AFFIRMATIVELY ASSERTS that Plaintiff's allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendant DENIES.

## STATEMENT OF FACTS

17. Defendant ADMITS Plaintiff is a male and was an inmate under the supervision of the Wisconsin Department of Corrections in May 2012. Defendant lacks sufficient knowledge or information to form a belief as to the

truth of whether this was "at all times material to this action", and therefore, DENIES.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

19. Defendant ADMITS.

20. Defendant ADMITS.

21. Defendant ADMITS.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

28. Defendant DENIES.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

33. Defendant DENIES.

34. Defendant DENIES.

35-48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

49. Defendant ADMITS she was contacted by Sgt. Watson after she was walked out of the institution on May 17, 2012. Defendant DENIES she was "close friends" with Sgt. Watson.

50. Defendant ADMITS.

51. Defendant ADMITS that Sgt. Watson told her she had passed notes to Plaintiff Carter and AFFIRMATIVELY ALELGES that Sgt. Watson did not tell her about any notes until after she was walked out of the institution on May 17, 2012. Defendant lacks sufficient knowledge or information to form a belief as to whether Sgt. Watson had been passing

notes to Plaintiff Carter "for some time" and therefore, DENIES the remaining allegations.

52. Defendant DENIES.

53. Defendant ADMITS that Sgt. Watson told her about conversations she had with Plaintiff Carter and AFFIRMATIVELY ALLEGES that Sgt. Watson did not tell her about any conversations she had with Plaintiff Carter until after she was walked out of the institution on May 17, 2012.

54. Defendant DENIES.

55. Defendant ADMITS.

56. Defendant ADMITS.

57. Defendant ADMITS.

58. Defendant ADMITS only that she told Sgt. Watson to resign and DENIES the remaining allegations.

59. Defendant ADMITS that she was contacted by Sgt. Watson after May 17, 2012.

60-71. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

72. Defendant DENIES.

73-89. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

## CAUSES OF ACTIONS AS TO DEFENDANT WATSON

90-95. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENIES.

### AS TO DEFENDANTS MEDEMA, KLAPPER, AND WEIDEMANN
### FAILURE TO PROTECT
### DELIBERATE INDIFFERENCE

96. Defendant incorporates her answers to paragraphs 1-95 above as if fully set forth herein.

97. Defendant DENIES.

98. Defendant ADMITS.

99. Defendant DENIES.

100. Defendant DENIES.

101. Defendant DENIES.

### OTHER

Defendant DENIES any and all allegations in Plaintiff's Second Amended Complaint not specifically admitted above.

### AFFIRMATIVE DEFENSES

As and for the affirmative defenses in this action, Defendant states as follows:

1. To the extent that Defendant is named in her personal capacity, all or portions of Plaintiff's Second Amended Complaint must be dismissed pursuant to the doctrine of qualified immunity.

2. To the extent that Defendant is named in her official capacity, all or portions of Plaintiff's Second Amended Complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

3. Any claims for monetary damages in this case are limited under the provisions of 42 U.S.C. § 1997e(e).

**WHEREFORE**, the Defendant demands judgment dismissing Plaintiff's Second Amended Complaint on the merits with prejudice, and for such other relief as the court deems just and proper, including the award of Defendant's reasonable attorney fees and expenses.

Dated this 2nd day of August, 2019.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Katherine C. Polich
KATHERINE C. POLICH
Assistant Attorney General
State Bar #1065796

BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

Attorneys for Defendants State of Wisconsin Department of Corrections, Tara Weideman, Jason Medema, and Michelle Klapper

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-7163 (Polich)
(608) 266-1780 (Flugaur)
(608) 267-8906 (Fax)
polichkc@doj.state.wi.us
flugaurbt@doj.state.wi.us