# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DONIEL CARTER,**

          **Plaintiff,**

    v.                                                 **Case No. 18-cv-727**

**ERIKA WATSON,** *et al.***,**

          **Defendants.**

## ORDER AND RECOMMENDATION ON MOTION TO DISMISS

Before the court is Defendants Jason Medema and Michelle Klapper's motion to dismiss (ECF No. 27) and motion for a stay pending a decision on the motion to dismiss (ECF No. 30). Plaintiff Doniel Carter, represented by counsel, does not oppose the stay (ECF No. 36) but has filed a brief in opposition to the motion to dismiss (ECF No. 35). Carter has also filed a motion to amend, to which he has attached a proposed Third Amended Complaint. (ECF No. 34.)

Medema and Klapper assert that the Second Amended Complaint fails to allege a basis for their liability on Carter's Eighth Amendment claim that they were deliberately indifferent to a substantial risk to his safety. (ECF No. 28 at 2.) They contend that the Second Amended Complaint does not allege that they were aware that Defendant Watson had sexually assaulted Carter. (*Id.*) Instead, they contend, Carter alleges only that Medema and Klapper did not report Watson's violation of a

prison policy, which does not state a claim under 42 U.S.C. § 1983 and does not otherwise support Carter's deliberate indifference claim against them. (*Id.* at 2, 5.)

In response, Carter asserts that the Second Amended Complaint provides enough information to support an Eighth Amendment claim against Medema and Klapper. (ECF No. 35 at 2.) Even if it does not, he contends, the attached Third Amended Complaint provides the necessary factual support to state a claim. (*Id.* at 2–3.) Carter cites eight additional paragraphs in the Third Amended Complaint that, he says, allege that Medema and Klapper "would have known exactly what Watson was doing with Carter" when Watson had secluded Carter in a room and forced him to perform sexual acts. (*Id.*) According to Carter, the Third Amended Complaint "asserts that Defendants Medema and Klapper knew Watson was engaging in sexual contact with Plaintiff Carter." (*Id.* at 3.)

The defendants are correct that the Second Amended Complaint alleges only that Medema and Klapper knew Watson was violating the prison's fraternization policy. It does not allege that they were aware of what Watson was doing with Carter to violate the policy. According to Carter, the fraternization policy forbids a sexual relationship between a staff employee and an offender. But he does not allege that the policy applies *only* to sexual relationships. The Second Amended Complaint does not allege that Medema and Klapper knew Watson was spending an inappropriate

2

amount of time with Carter for the purpose of an illicit and harmful sexual relationship.[1]

The Third Amended Complaint purports to remedy this defect. Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Unless there is an "apparent or declared reason" not to grant the amendment, including "futility of the amendment," the court should allow leave to amend. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

The Third Amended Complaint asserts that Medema and Klapper "knew that Watson posed a substantial risk to Carter." (ECF No. 34-1 at 16, ¶ 104.) According to the Third Amended Complaint, "usually only three officers[,] including the supervisor," work a shift in Unit 10, where Watson is alleged to have secluded Carter. (*Id.* at 7, ¶ 37.) Unit 10 is small, and only rooms with doors are not visible to the officers from their station in the center of the room. (*Id.* at 7–8, ¶¶ 38–39.) Therefore, if one staff member had an inmate in a secluded room, "[i]t would be impossible" for the other staff members not to know that the third staff member had an inmate secluded there. (*Id.* at 8, ¶ 40.)[2]

---

[1] Defendants point out in their reply that Medema asked Watson if Carter "was giving her snitch information when they were conversing together." (ECF No. 39 at 3 (citing ECF No. 22, ¶ 71).)

[2] This paragraph states that "the other three staff members" would know if "another staff member has an inmate" in a secluded room. (*Id.*) This scenario presupposes four officers working in Unit 10 at one time. But, as noted, the complaint alleges that only three officers work in Unit 10 at a time. (*Id.* at 7, ¶ 37.) It is therefore unclear whether three or four officers work in Unit 10 at the same time.

3

The Third Amended Complaint alleges that a staff member "such as Klapper and . . . Medema would also know that on many occasions there would have been no legitimate purpose for Watson to have taken plaintiff Carter into one of these secluded rooms." (ECF No. 34-1 at 8, ¶ 41.) It further alleges that, "upon seeing Watson taking Carter into one of the rooms and closing the door, the other defendants would have known Watson posed a substantial risk to Carter." (*Id.* at 9, ¶ 42.) But the Third Amended Complaint does not allege that Medema or Klapper ever saw Watson take Carter into one of the secluded rooms or that, if they did, they knew or should have known that the only purpose for the seclusion was an illegitimate, harmful sexual relationship. The Third Amended Complaint instead alleges only that *if* Medema and Klapper were among the "other three staff members" that had seen Watson take Carter into a secluded room, they would have known that she did so for some unspecified illegitimate reason that posed a substantial risk to Carter.

This hypothetical scenario assumes several facts not alleged in the Third Amended Complaint: that the three staff members working were Medema, Klapper, and Watson (because allegedly only three worked at a time in Unit 10); these three worked together on one of the "many occasions" when Watson secluded Carter in a room; Medema and Klapper witnessed that seclusion; and they concluded that the only purpose for the seclusion was to sexually harm Carter. Nor does the Third Amended Complaint allege that Watson had a history of sexually abusing inmates, as a result of which Medema and Klapper should have known that Watson might seclude Carter for a harmful purpose. *See Brown v. Budz*, 398 F.3d 904, 909, 913 (7th

4

Cir. 2005). At most the Third Amended Complaint implies that some staff members—"such as," but not necessarily, Medema or Klapper—would have known what Watson was doing and that it posed a substantial risk to Carter.

The Third Amended Complaint does not sufficiently plead an Eighth Amendment claim against Medema and Klapper. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to survive a motion to dismiss, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that the plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" (internal quotation marks and alteration omitted)). Because the proposed amendment would be futile, the court will deny Carter's motion to amend.

Neither the Second Amended Complaint nor the proposed Third Amended Complaint cure the deficiencies in the claims against Medema and Klapper. These defendants should be dismissed from this case. This court, however, does not have the jurisdiction to dismiss parties to this action. The court, therefore, will refer this matter to District Judge Pamela Pepper with my recommendation to grant Defendant Medema and Klapper's motion to dismiss them from this case.

**IT IS THEREFORE ORDERED** that Carter's motion to amend his complaint (ECF No. 34) is **DENIED**.

The court **RECOMMENDS** that the District Court grant Defendants Medema and Klapper's motion to dismiss (ECF No. 27).

Carter is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), whereby written objections to any of the court's recommendations to the District Court may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the District Court shall result in a waiver of his right to appeal.

It is **ORDERED** that Defendants' unopposed motion to stay the case pending a decision on the motion to dismiss (ECF No. 30) is **GRANTED**. This case is stayed pending written objections to the court's recommendation to dismiss Defendants Medema and Klapper and, if objections are filed, the District Court's disposition of the motion to dismiss and those objections. If no objections are filed within fourteen days, the court will lift the stay and extend the deadlines for discovery and dispositive motions with respect to the remaining defendants.

Dated at Milwaukee, Wisconsin this 26th day of September, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge