UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONIEL CARTER,

              Plaintiff,

v.                                           Case No. 18-cv-727-pp

ERIKA WATSON, *et al.*,

              Defendants.

---

**ORDER ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 40), GRANTING DEFENDANTS' MOTION TO DISMISS PARTY AND DISMISSING DEFENDANTS MEDEMA AND KLAPPER (DKT. NO. 27) AND GRANTING DEFENDANT WATSON'S MOTION TO EXTEND DEADLINES (DKT. NO. 41)**

---

      Plaintiff Doniel Carter filed an amended complaint, alleging that the defendants violated his civil rights under the Eighth Amendment because they were deliberately indifferent to defendant Watson's sexual abuse of the plaintiff. Dkt. No. 22. On February 19, 2019, the court referred this case to Magistrate Judge William Duffin to handle pretrial matters. Dkt. No. 19.

      The plaintiff named as defendants four officers, including Sergeant Jason Medema and Correctional Officer Michelle Klapper. In the second amended complaint, the plaintiff alleged that Medema and Klapper worked with Watson at Fox Lake Correctional Institution in May 2012, while the plaintiff was an inmate there. Dkt. No. 22 at ¶35. He says that the three officers worked on the same shift on Unit 10, where the plaintiff also worked. Id. at ¶¶27, 35. The plaintiff alleges that Medema and Klapper knew that Watson was improperly fraternizing with the plaintiff in violation of prison policy but that they failed to

report her conduct. Id. at ¶¶97, 99. He asserts that Medema and Klapper failed to protect him from Watson and that as a result, Watson sexually assaulted the plaintiff on several occasions. Id. at ¶100. The plaintiff alleges that Medema and Klapper (as well as another defendant, Weidemann) violated the Eighth Amendment in their alleged deliberate indifference to his unsafe conditions of confinement. Id. ¶¶99–100.

On August 2, 2019, Medema and Klapper asked the court to dismiss them as defendants. Dkt. No. 27. They asserted that the second amended complaint fails to allege a basis for Eighth Amendment liability against them. Dkt. No. 28 at 2. According to Medema and Klapper, the second amended complaint alleges only that they failed to follow prison policy, which does not amount to a constitutional violation under the Eighth Amendment. Id. at 5–6. The defendants also have moved for a stay pending the outcome of their motion to dismiss. Dkt. No. 30.

The plaintiff opposed the motion to dismiss, asking the court to allow him to amend his complaint a third time. Dkt. Nos. 34, 35. He contended that the second amended complaint sufficiently alleged a basis for Medema and Klapper's liability under 42 U.S.C. §1983. Dkt. No. 35 at 2. In the alternative, the plaintiff provided a proposed third amended complaint, which contains additional information that he says alleges a basis for holding Medema and Klapper liable. Id. at 2–3; Dkt. No. 34 at 1–3.

Judge Duffin addressed the parties' motions. Dkt. No. 40. He agreed that, as the defendants had contended, the second amended complaint alleged

only that Medema and Klapper violated the prison's fraternization policy. Id. at 2. He also found that the second amended complaint did not allege Eighth Amendment liability because it did not allege that Medema and Klapper knew that Watson was harming the plaintiff when she and the plaintiff were alone together. Id. at 2–3. Judge Duffin also explained that the proposed third amended complaint did not cure these deficiencies, finding that at best it presented a "hypothetical scenario" that assumed several facts that the plaintiff had not alleged in his complaints. Id. at 3–5. Because he concluded that neither amended complaint sufficiently pled an Eighth Amendment claim against Medema and Klapper, Judge Duffin denied the plaintiff's motion to amend the complaint and recommended that this court grant Medema and Klapper's motion to dismiss. Id. at 5. He also granted the defendants' motion for a stay pending this court's decision on the motion to dismiss. Id. at 6.

The plaintiff did not object to Judge Duffin's recommendation that this court dismiss Medema and Klapper. If a party does not object to a magistrate judge's recommendation on a dispositive motion, this court reviews the magistrate judge's recommendation for clear error. Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999).

Judge Duffin's conclusion that the second amended complaint does not state an Eighth Amendment claim against Medema and Klapper is not clearly erroneous. The complaint alleged only that Medema and Klapper worked with Watson and saw her spend a significant amount of time *talking* with the plaintiff. Dkt. No. 22 at 10–11 (emphasis added). But nothing in the second

amended complaint suggests that they knew that Watson was sexually assaulting the plaintiff or that he faced a substantial risk of serious harm from her. At best, the allegations suggest that Medema and Klapper were aware that Watson was violating prison policy by spending so much time with the plaintiff. As Judge Duffin concluded, violating a prison policy does not create liability under the Eighth Amendment. Dkt. No. 40 at 2; see Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017).

The proposed third amended complaint did not provide additional facts to show that Medema and Klapper were aware of, and disregarded, a risk to the plaintiff's safety. It recounts possible scenarios, not facts. Judge Duffin appropriately refused to allow the plaintiff to amend for the third time, because the proposed third amended complaint would not have stated a claim any more than the second amended complaint did.

The court noted earlier that the defendants filed a motion to stay the case pending a decision on the motion to dismiss. Dkt. No. 30. In his order recommending that the court grant the motion to dismiss, Judge Duffin granted the motion to stay and ordered the case stayed "pending written objections to the court's recommendation to dismiss Defendants Medema and Klapper and, if objections are filed, the District Court's disposition of the motion to dismiss and these objections." Dkt. No. 40 at 6. Judge Duffin provided that if there were no objections, "the court will lift the stay and extend the deadlines for discovery and dispositive motions with respect to the remaining defendants." Id. There were no objections, but Judge Duffin has not

4

yet lifted the stay. On November 15, 2019, however, defendant Watson asked the court to extend the deadlines for completing discovery and filing dispositive motions. Dkt. No. 41. She noted that under the original scheduling order, discovery was to be completed and dispositive motions filed by November 15, 2019. Id. at 1. She asks to extend the deadline to February 13, 2020. Id. at 2.

Because Judge Duffin has not lifted the stay, the court doesn't think Watson's motion was necessary. Nonetheless, the court will grant the motion, and extend the deadlines as requested.

The court **ADOPTS** Judge Duffin's recommendation that the court dismiss defendants Medema and Klapper. Dkt. No. 40.

The court **GRANTS** defendants Medema and Klapper's motion to dismiss party and **ORDERS** that defendants Jason Medema and Michelle Klapper are **DISMISSED**. Dkt. No. 27.

The court **GRANTS** defendant Watson's motion to modify scheduling order. Dkt. No. 41.

The court **ORDERS** that the parties shall complete discovery no later than the end of the day on February 13, 2020, and that any party wishing to file dispositive motions shall do so by the end of the day on February 13, 2020.

Dated in Milwaukee, Wisconsin, this 4th day of December, 2019.

           **BY THE COURT:**

           _____
           **HON. PAMELA PEPPER**
           **Chief United States District Judge**