IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DONIEL CARTER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No. 18-CV-0727

ERIKA WATSON AND
TARA WEIDEMAN

    Defendants.

**DEFENDANT WEIDEMAN'S MOTIONS IN LIMINE**

Defendant Tara Weideman, by her attorneys, moves the Court to enter the following motions in limine:

**Motion in Limine 1:**

Defendant Weideman moves the Court to enter an order excluding any argument that consent is not a defense to Plaintiff's Eighth Amendment Claim.

As the Seventh Circuit court of appeals recognized, consent is a defense to an Eighth Amendment claim. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 376, (7th Cir. 2020), cert. denied sub nom. *Polk Cty., Wis. v. J.K.J.*, 141 S. Ct. 1125 (2021) ("Christensen's only defense was to try to somehow persuade the jury that J.K.J. and M.J.J. consented to the sexual relations.") As other circuits have explained, "at the very least, welcome and voluntary sexual interactions, no matter how inappropriate, cannot as a matter of law constitute 'pain' as contemplated by the Eighth Amendment." *Freitas v. Ault*,

109 F.3d 1335, 1339 (8th Cir. 1997); *see also Graham v. Sheriff of Logan Cty.*, 741 F.3d 1118, 1126 (10th Cir. 2013) ("Absent contrary guidance from the Supreme Court, we think it proper to treat sexual abuse of prisoners as a species of excessive-force claim, requiring at least some form of coercion (not necessarily physical) by the prisoner's custodians.:); *Wood v. Beauclair,* 692 F.3d 1041, 1049 (9th Cir. 2012) ("when a prisoner alleges sexual abuse by a prison guard, we believe the prisoner is entitled to a presumption that the conduct was not consensual. The state then may rebut this presumption by showing that the conduct involved no coercive factors.")

In *Freitas*, which closely resembled the allegations in this case, a male inmate entered into a voluntary relationship with a female correctional officer, during which they would regularly kiss, hug, talk, and write "hot sexy" letters to one another. 109 F.3d at 1339. The inmate ended the relationship upon learning the correctional officer was sleeping with another man and subsequently alleged that she had sexually harassed him. *Id.* The Eighth Circuit decided in favor of the correctional officer, determining that consent was a defense to the inmate's sexual harassment claim. *Id.*

Likewise, Carter's voluntary relationship with Watson, as demonstrated by their telephone calls and visits, is a defense to his Eighth Amendment claim against Weideman in this case. The Seventh Circuit has recognized that where an officer has a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right but fails to do so, he may be held liable. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). That standard has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment. *Harper*,

400 F.3d at 1064. "In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation . . .." *Id*. citing *Fillmore v. Page*, 358 F.3d 496, 505-06. (plaintiff prisoner who could not succeed on his failure to intervene claim because he had failed to establish that guards used excessive force in violation of his Eighth Amendment rights.)

Accordingly, for the reasons set forth herein, Defendant Weideman respectfully requestions that this Court enter an order excluding any argument that consent is not a defense to Plaintiff's Eighth Amendment Claim.

## Motion in Limine 2:

Defendant Weideman moves to exclude testimony or other secondary evidence about the Sports Illustrated magazines, notes, and pictures.

Carter alleges that on two occasions Weideman gave Carter Sports Illustrated magazines containing a note from Watson and a picture of Watson's naked breasts. (Dkt. 56 ¶¶ 10-11, 15.) Carter does not produce the Sports Illustrated Magazines, the notes, or the pictures, as required under Fed. R. Evid. 1002, the best evidence rule, and the "completeness" rule of Fed. R. Evid. 106. *See Dugan v. R.J. Corman R. Co.*, 344 F.3d 662, 669 (7th Cir. 2003)(holding that affidavit testimony about an agreement was inadmissible under Rules 1002 and 106 without introducing the document itself.)

Carter also fails to make the required showing under Fed. R. Evid. 1004 to admit secondary evidence in the form of testimony about the contents of the notes and pictures contained in the magazines. *United States v. McGaughey,* 977 F.2d 1067,

1071 (7th Cir. 1992). Carter concedes that he flushed the notes down the toilet in the institution. Carter says that DOC officials at Fox Lake packed up his magazines and that he returned the pictures to Defendant Weideman. He has not demonstrated that the magazines or pictures are indeed lost. He has not shown efforts to obtain the documents via discovery or otherwise to demonstrate that the originals are lost such that secondary evidence is admissible under Rule 1004.

Therefore, Carter should be precluded from offering secondary evidence about the magazines, notes, and pictures, without producing the originals of these items.

### Motion in Limine 3:

Defendant Weideman moves to exclude any testimony, other evidence, argument, or questioning regarding the details of other legal cases in which she has been involved that are unrelated to her interactions with Carter in the present case, other inmate grievances not related to this case, or her work file history.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence" and is "of consequence in determining the action." That Defendants have been involved in legal proceedings before does not clear even this low threshold. But even if this Court were to determine that other litigation against Defendants are marginally relevant, it should nevertheless be excluded from evidence because any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or wasting time. *See* Fed. R. Evid. 403. When determining admissibility, the Court may consider "the costs—in terms of time,

distraction and, possibly, prejudice—resulting from such evidence." *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1269 (7th Cir. 1988). "Unfair prejudice is an undue tendency to suggestion decision on an improper basis, commonly, though not necessarily, an emotional one." *Thompson v. City of Chi.*, 722 F.3d 963, 971 (7th Cir. 2013) (quoting citation and internal quotation marks omitted). To argue that Defendants should be found liable here because they were sued on other occasions is just such an improper basis.

Evidence regarding the details of other lawsuits or grievances involving Defendant Weideman should be barred under both rules. Defendant works in a prison setting, where staff are frequently sued by inmates. Defendant has no known judgments against her in such lawsuits, and even if she did have adverse outcomes, such outcomes are not admissible to argue that an adverse outcome in another case means they violated Plaintiff's rights in the present case. *See* Fed. R. Evid. 404. The sole question for the jury's consideration is whether Defendants' treatment of Plaintiff in this case constituted constitutional violations.

Reference or testimony regarding these collateral issues does not meet any of the enumerated exceptions under Rule 404(b) and under Rule 403 any relevance would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

**Motion in Limine 4:**

Defendant Weideman moves to exclude any testimony, other evidence, argument, or questioning regarding the details of lawsuits relating to the Department

of Corrections (DOC), or any other DOC employees. Undersigned counsel has requested that certain questions be asked of potential jurors about their experience with corrections and law enforcement as part of *voir dire* for the purposes of detecting any improper bias by members of that panel, but any evidence regarding the details of other lawsuits or complaints against other DOC employees is not proper evidence in this trial. Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs or acts is not admissible except as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or accident. There is a four-part test for admitting "other acts" evidence:

> First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue. Third, there must be a sufficient amount of evidence for the fact finder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

*Okai v. Verfuth*, 275 F.3d 606, 610–11 (7th Cir. 2001). Other inmate lawsuits, inmate allegations against prison staff, or any reference to any media publication discussing such lawsuits, do not meet any of the necessary elements. Previous inmate lawsuits or testimony regarding other complaints against the DOC or other DOC personnel do not serve to establish a motive, opportunity, intent, preparation, or plan on Defendant's part. *Manuel v. City of Chi.*, 335 F.3d 592 (7th Cir. 2003).

Furthermore, any lawsuit history should be excluded because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. The main effect of introducing such

evidence of lawsuit histories would be to prejudice the jury against Defendant, in essence so the jury would conclude that she (and/or her employer) tend to commit bad acts and must have committed a bad act in this case. This is precisely the sort of inference the rule is intended to prevent and would accomplish nothing outside of drawing the jury's attention away from Plaintiff's claims, which are limited in scope. *See Manuel*, 335 F.3d at 597–98 (rejecting character evidence due to its "relatively slight probative value" and "the potential for unfair prejudice, juror confusion, and delay" that would result from its admission).

For these reasons, Defendant Weideman requests that the Court exclude any reference to the details of other inmate lawsuits filed against the DOC, or to any other lawsuit against different DOC employees.

## MOTION IN LIMINE 5:

Defendant Weideman moves the Court to allow counsel for Defendants to ask Plaintiff and his incarcerated potential witnesses about criminal convictions during cross-examination, pursuant to Fed. R. Evid. 609(a)(1)(A) and (B).

Under Fed. R. Evid. 609, a party may introduce the criminal convictions of a witness to challenge the witness's credibility. Under Rule 609(a)(1)(A) the evidence must be admitted in a civil case for any crime punishable by imprisonment for more than one year, typically recognized as a felony level conviction. Plaintiff has been convicted of felony level offenses. Further, these convictions are admissible because it has not been more than 10 years since Plaintiff's release from confinement for these offenses. Fed. R. Evid. 609(b).

"The law in this Circuit is well settled that for purposes of impeachment by prior conviction, it is appropriate to reveal the title, date, and disposition of the offense." *United States v. Lewis*, 641 F.3d 773, 783 (7th Cir. 2011); *see also U.S. v Smith*, 454 F.3d 707, 716 (7th Cir. 2006).

Defendant Weideman asks the Court to allow questions on cross-examination of Carter regarding the title, date, and disposition of his felony level offenses for which it has not been more than 10 years since he release from confinement, to be determined with specificity by the parties before trial. Defendant Weideman also asks the Court to allow questions on cross-examination regarding qualifying felony level offenses for any witness Carter plans to call to testify at trial who has yet to be disclosed.

Dated this 8th day of October, 2021.

    Respectfully submitted,

    JOSHUA L. KAUL
    Attorney General of Wisconsin


    <u>s/Katherine C. Polich</u>
    KATHERINE C. POLICH
    Assistant Attorney General
    State Bar #1065796

    BRANDON T. FLUGAUR
    Assistant Attorney General
    State Bar #1074305

    Attorneys for Defendant Weideman


Wisconsin Department of Justice
Post Office Box 7857

Madison, Wisconsin 53707-7857
(608) 267-7163 (Polich)
(608) 266-1780 (Flugaur)
(608) 267-8906 (Fax)
polichkc@doj.state.wi.us
flugaurbt@doj.state.wi.us