**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

DONIEL CARTER,

          Plaintiff,                  Case No.: 18-CV-0727-bhl

       v.

ERIKA WATSON, et al.,

          Defendants.

**PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff Doniel Carter, by his counsel, moves for a motion in limine as follows:

**<u>Motion in Limine – Number 1</u>**

Plaintiff requests a bar on any questions posed to Doniel Carter about prior convictions, other than a general question as to whether any of them have been convicted of a felony, pursuant to FRE 403 and 404. Allowing defendants to inquire into the nature of the crime committed, as none of the crimes pertain to honesty crimes (i.e. embezzlement, lying under oath, etc.) would be prejudicial to Plaintiff.

Here, Plaintiff Doniel Carter has been convicted of armed robbery (Milwaukee County Case #98-CF-5974), possession with intent to deliver cocaine (Milwaukee County Case # 02-CF-5212), possession of marijuana – 2nd offense (Milwaukee County Case No. 03-CF-2840 and 05-CF-4511), felon in possession of a firearm and possession with intent to deliver THC (Milwaukee County Case No. 05-CF-6973) and several misdemeanors. Notably, all of his felony convictions are more than ten years old.

The Seventh Circuit has identified a five-part test in criminal cases "to guide the

district court in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect:

(1) the impeachment value of the prior crime;

(2) the point in time of the conviction and the witness's subsequent history;

(3) the similarity between the past crime and the charged crime;

(4) the importance of the defendant's testimony; and,

(5) the centrality of the credibility issue."

*United States v. Montgomery,* 390 F.3d 1013, 1015 (7th Cir. 2004). "While not all of those factors will apply in civil cases, the same general concerns may illuminate the court's analysis." *Anderson v. City of Chicago,* 2010 WL 4928875, at *2–3 (N.D. Ill. Nov. 30, 2010). The Seventh Circuit specifically has cautioned courts to "be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa,* 971 F.2d 1325, 1331 (7th Cir. 1992).

Here, while indications of Plaintiff's felony convictions arguably are admissible under Rule 609(a)(1)(A), the Court should limit information about the prior convictions to reduce the risk of prejudice to Plaintiff given the nature of his convictions. *See Schmude v. Tricam Indus., Inc.,* 556 F.3d 624, 627 (7th Cir. 2009).

The impeachment of Plaintiff should be limited to the fact that Plaintiff is a convicted felon. The Court also should provide a limiting instruction to the jury explaining the proper use of prior convictions for impeachment at trial. *See* Seventh Circuit Pattern Civil Jury Instructions 1.15 ("You have heard evidence that [Name] has been convicted of a crime. You may consider this evidence only in deciding whether [Name's] testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.").

Allowing the jury to hear about the nature of the crimes will severely prejudice Plaintiff Doniel Carter and have the strong likelihood especially of having the jury spite Carter for his prior crimes. Rule 403 provides that a court "may exclude" relevant evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice. None of the current crimes involve dishonesty and allowing evidence or impeachment as to the other crimes will prejudice Doniel Carter.

**Motion in Limine – Number 2**

Plaintiff requests a bar preventing the defense from introducing evidence of any of Plaintiff's prior lawsuits, grievance or claims against any party, including the Department of Corrections. It is believed that the defense may introduce evidence of Plaintiff's prior lawsuits, grievances and claims, and use that as a basis, whether directly or indirectly, to argue that Doniel Carter is overly litigious, and because he has filed lawsuits before, he is more likely to file suit now, and thus, this suit does not have merit or is manufactured.

**Motion in Limine – Number 3**

Plaintiff requests excluding all non-parties from being in the courtroom until called upon to testify.

**Motion in Limine – Number 4**

Plaintiff requests a bar preventing the defense from calling any witnesses not previously disclosed, especially expert witnesses.

**Motion in Limine – Number 5**

Plaintiff requests that the defense be barred from introducing or mentioning any prior settlement offers that Plaintiff may have communicated or mentioned, pursuant to FRE 408.

Dated this 8th day October, 2021.

**CADE LAW GROUP LLC**

By: s/ NATHANIEL CADE, JR.
    Nathaniel Cade, Jr. SBN:1028115
    P.O. Box 170887
    Milwaukee, WI 53217
    (414) 255-3802 (phone)
    nate@cade-law.com

    Attorneys for Plaintiff,
    Doniel Carter