DONIEL CARTER

      Plaintiff,

                                  Case No.:  18-cv-727

      v.

STATE OF WISCONSIN, DEPARTMENT OF CORRECTIONS,
c/o SECRETARY OF THE DEPARTMENT OF CORRECTIONS
JON LITSCHER

ERIKA WATSON (F/K/A ERIKA GRANSELL)

      Defendants.

---

**PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE NO. 11 TO PRECLUDE EVIDENCE THAT DEFENDANT WATSON AND / OR WEIDEMAN WERE "CLEARED" OR "EXONERATED" OF WRONGDOING IN THE INCIDENT BY THE EAU CLAIRE POLICE DEPARTMENT**

---

The Plaintiff appearing by his attorneys, by Davey & Goldman, by attorney Lisa Goldman hereby moves the Court for an Order in Limine precluding defendants and any defense witness from referring to or mentioning that any of the defendants were "cleared" or "exonerated" from wrongdoing in the underlying incidents with Doniel Carter.

The Wisconsin Department of Corrections did not complete a full investigation into Watson's conduct and no investigation into Weideman's conduct. Should either defendant attempt to introduce "new" evidence that either defendant was fully investigated and "cleared" or "exonerated" from wrongdoing in the underlying incident, plaintiff seeks to bar such evidence. Any such internal decision of DOC or opinion on behalf of the state or either

1

defendant has no bearing or relevance in this civil action and is impermissible as it is an opinion on the ultimate fact questions reserved solely for the jury – whether one or more of the defendants' actions violated Mr. Carter's constitutional rights.

Moreover, such opinion in inadmissible because it was made in anticipation of litigation. *See* Pullen v. House, 88 F. Supp. 3d 927, pp. 6-7, 2015 U.S. Dist. LEXIS 20399 (2015). As Judge Crabb noted, records "made in anticipation of litigation" cannot qualify as a business records under Rule 803(6)(E) (record does not qualify for hearsay exception if "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness"). Moreover, police records which include self-serving statements of the defendants themselves as well as statements of employees who are subject to possible Civil Rights Act liability are the kind of records that lack reliability and trustworthiness. Even an insurance adjuster's report created in response to an accident is excluded as hearsay. Id., *citing* Jordan v. Binns, 712 F.3d 1123, 1135 (7th Cir. 2013).

[E]ven if memoranda are regularly prepared by correctional or law enforcement officers, they lack the necessary earmarks of reliability and trustworthiness. Their source and the nature and manner of their compilation unavoidable dictate that they are inadmissble under [the hearsay exception for business records]. They are also subject to the objection that such utility as they possess relates primarily to prosecution of suspected law breakers, and only incidentally to the systematic conduct of the police business. Pullen, 88 F. Supp. 3d 927, 931-31.

2

Last, allowing the review to come in at trial or any testimony about the exoneration of the defendant officers would be prejudicial and that prejudice would outweigh any probative value to such testimony. In reality, there really is no probative value to this evidence. It is simply a bolstering of defendants' actions – a vouching for their conduct by their department. "The danger of unfair prejudice in allowing a law enforcement officer to opine on the reasonableness of the conduct of fellow law enforcement officers, counsels against the admission of this evidence. *See* Fed.R.Evid. 403." Masel v. Mansavage, 2008 WL 5134916, 2 (W.D. Wis. 2008, Judge Randa).

3

Dated: October 8, 2021

DAVEY & GOLDMAN
Attorney for Plaintiff

By: *Electronically signed by Lisa C. Goldman*
Lisa C. Goldman
State Bar No. 1029893
Bruce M. Davey
State Bar No. 1012256
5609 Medical Circle, Suite 101
Madison, WI 53719
Phone: 608-630-9700
Fax: 608-205-5645

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, October 08, 2021, I electronically filed the above document in this matter, PDF Formatted, with the Clerk of Court for the Eastern District of Wisconsin using the CME/ECF system. All of the Defendants, are represented by attorneys who are registered user of the United States District Court Eastern District of Wisconsin CME/ECF system.

4