IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DONIEL CARTER,

    Plaintiff,

v.                                                     Case No. 18-CV-0727

ERIKA WATSON, et al.

    Defendants.

## DEFENDANT TARA WEIDEMAN'S PRETRIAL REPORT

Defendant Tara Weideman, by her attorneys, Attorney General Joshua L. Kaul and Assistant Attorneys General Katherine C. Polich and Brandon T. Flugaur, respectfully submits the following Pretrial Report pursuant to Civil L.R. 16(c).

### A. Summary of the Facts, Claims, and Defenses

Plaintiff Doniel Carter alleges that Defendant Erika Watson demanded that he perform sexual acts while she was a Correctional Sergeant and he was incarcerated at Fox Lake Correctional Institution (FLCI). Carter further alleges that Defendant Tara Weideman knew about and helped facilitate the sexual contact between Watson and Carter.

As the 1900 telephone calls between Carter and Watson demonstrate, there was no physical relationship between them while Watson was employed at FLCI. The evidence further demonstrates that any relationship that existed between Carter and Watson was consensual. There is no evidence that Weideman knew about any sexual

contact or relationship between Carter and Watson during the time that Watson was employed at FLCI.

## B. Statement of the Issues

Did Plaintiff Doniel Carter and Defendant Erika Watson have sexual contact while he was incarcerated at FLCI and she was employed as a Correctional Sergeant? Was any relationship that existed between Doniel Carter and Defendant Watson consensual? Did Defendant Weideman have any knowledge or participate in any way in facilitating a relationship between Carter and Watson while Watson was employed at FLCI?

## C. Names and Addresses of Witnesses Expected to Testify

<u>Witnesses likely to testify:</u>

1. Plaintiff Doniel Carter, adversely
2. Tara Weideman[1]
3. Erika Watson
4. Jason Medema[1]
5. Michelle Klapper[1]
6. Brian Schueler[1]
7. Kim Ebert[1]
8. Kevin Goggins[1]
9. Julie Dahm[1]

---

[1] Defendant Weideman's witnesses can be contacted through undersigned counsel.

Witnesses who may be called:

10. Any witness on Plaintiff's witness list, regardless of whether Plaintiff calls the witness at trial.

**D. Background of Expert Witnesses (N/A)**

**E.     List of Exhibits to be Offered at Trial**

1. Exhibit 2000 – Securus Certified Call Detail Report
2. Exhibit 2001 – Securus Certified Record Certification
    a. Exhibit 2001-1 – Securus Call 6/18/12 (Carter_000003967)
    b. Exhibit 2001-2 – Securus Call 6/19/12 (Carter_000005740)
    c. Exhibit 2001-3 – Securus Call 6/20/12 (Carter_000002243)
    d. Exhibit 2001-4 – Securus Call 7/24/12 (Carter_000002511)
    e. Exhibit 2001-5 – Securus Call 8/8/12 (Carter_000004859)
    f. Exhibit 2001-6 – Securus Call 9/29/12 (Carter_000003870)
    g. Exhibit 2001-7 – Securus Call 11/1/12 (Carter_000005707)
    h. Exhibit 2001-8 – Securus Call 11/14/12 (Carter_000004412)
    i. Exhibit 2001-9 – Securus Call 12/29/12 (Carter_000005959)
3. Exhibit 2002 – Visitor List and History (Bates Nos. 1891-1894)
4. Exhibit 2003 – DAI Investigation - Gransell (Bates Nos. 277-325)
    a. Exhibit 2003-1 – Audio of Carter interview
5. Exhibit 2004 – Plaintiff's Interrogatory Responses
6. Exhibit 2005 – Confidential Housing Unit 10 (Bates No. 0873)
7. Exhibit 2006 – Second Amended Complaint (Dkt. 22)

8. Exhibit 2007 – Carter Declaration (Dkt. 55)

9. Exhibit 2008 – FLCI Inmate Handbook (0458-0520)

10. Any exhibit listed on Plaintiff's pretrial report, regardless of whether Plaintiff offers the exhibit at trial.

E. **Designations of Deposition Transcripts**

Defendant does not anticipate reading any deposition transcripts. Defendant reserves the right to use additional testimony of any witness for purposes of completeness or fairness. *See* Fed. R. Civ. P. 32(a)(6). Defendant also reserves the right to use additional testimony of any witness to contradict or impeach the testimony of any witness pursuant to Civil Rule 32(a)(2) or any purpose pursuant to Civil Rule 32(a)(3).

F. **Time Needed to Try the Case**

Three days.

H. **For a Jury Trial**

1. Defendant Weideman's Proposed Voir Dire is attached as **Exhibit A**.

2. Defendant Weideman's Proposed Jury Instructions are attached as **Exhibit B**.

3. Defendant Weideman's Proposed Verdict Form is attached as **Exhibit C**.

Dated this 12th day of October, 2021.

                Respectfully submitted,

                JOSHUA L. KAUL
                Attorney General of Wisconsin

                *s/Katherine C. Polich*
                KATHERINE C. POLICH
                Assistant Attorney General
                State Bar #1065796

                BRANDON T. FLUGAUR
                Assistant Attorney General
                State Bar #1074305

                Attorneys for Defendant Weideman

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-7163 (Polich)
(608) 266-1780 (Flugaur)
(608) 267-8906 (Fax)
polichkc@doj.state.wi.us
flugaurbt@doj.state.wi.us