IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

DONIEL CARTER

        Plaintiff,

                                        Case No.:  18-cv-727

   v.

STATE OF WISCONSIN, DEPARTMENT OF CORRECTIONS,
c/o SECRETARY OF THE DEPARTMENT OF CORRECTIONS
JON LITSCHER

ERIKA WATSON (F/K/A ERIKA GRANSELL)

        Defendants.

---

## PLAINTIFF'S PRETRIAL REPORT

---

COMES NOW the Plaintiff Doniel Carter by his attorneys Davey & Goldman, by Lisa C. Goldman and by Cade Law Group LLC, pursuant to the Court's Local Rules, provides the following Pretrial Report.

### A. Statement of Facts.

This is a 42 U.S.C. § 1983 civil rights case.  Carter's Eighth Amendment right to be free from cruel and unusual punishment, free from sexual assault, was violated when Erika Watson seduced him for sexual favors while he was an inmate in Fox Lake Correctional Institution.  Sergeant Watson had her good friend, Correctional Officer Tara Weideman, assist her with sexual relationship with Carter.  Rather than report Watson's misconduct, Weideman assisted Watson with her assaults.  Weideman provided Carter with notes and pictures from Watson, hidden in magazines.  She directed Carter to go to specific rooms,

1

such as the kitchen or the social worker room to meet Watson for sexual gratification.

Watson asserts she did not develop a sexual relationship with Carter until after she resigned from her position at Fox Lake. Defendant Weideman asserts she did not know of Watson's conduct with Carter until after Watson was walked out of the institution and called her and the two discussed the situation.

## B. STATEMENT OF THE ISSUES.

The issues for a jury to determine in this matter are:

1. Did the Defendants each, individually, violate Carter's constitutional rights by sexually assaulting Carter (Defendant Watson) and by facilitating the sexual assault of Carter (Weideman)?

2. If one or both of the answers to Question 1 are yes, what amount of compensatory damages, if any, is Carter entitled to recover against one or both defendants?

3. If the answer to one or both of the Questions in 1 is yes, is Carter entitled to punitive damages against either of the defendants?

4. If the answer to question 3 for either defendant is yes, what amount of punitive damages is Carter entitled to recover?

## C. PLAINTIFF'S WITNESSES EXPECTED TO TESTIFY.

1. Doniel Carter, the plaintiff. He will testify as to his interaction with the defendants and his subsequent injuries. He may be contacted through Plaintiff's counsel.

2. Jason Medema, a correctional officer at the time of the incident at Fox Lake, will testify about the letter and items he found in Erika Watson's

2

backpack, including a letter Watson was drafting to Carter, what actions he too after finding these items, and what he remembers generally from that time period.

3. Defendant Erika Watson, will testify to her actions.

4. Tara Weideman, will testify to her actions.

5. Michelle Klapper will testify to her actions.

6. Lt. Kim Ebert, will testify to her actions and interview of Watson after the letter to carter was found in Watson's backpack.

7. Kevin Goggins will testify to the interview of Watson.

8. Brian Schueler will testify to his interrogation of Carter after the letter was found, and he is Department of Corrections Rule 30(b) designated witness.

9. Warden Clements will testify about his actions and his communications with defendant Watson.

10. Steven Schueler was the security director at Waupun when Carter was transferred to Waupun and placed in segregation and will testify about those events.

Witnesses who may be called:

Any witness on either defendants' witness list.

Reserve the right to call rebuttal witnesses.

**D. EXPERT WITNESSES.**

Neither party has designated expert witnesses in this case.

**E. LIST OF EXHIBITS TO BE OFFERED AT TRIAL**

1. DOC Investigative records;

2. March through may 2012 Unit Logbooks;

3. Officer – Sgt. Schedules march through May;

3

4. Housing Unit 10 diagram

5. DAI Policy 300.00.04 – Cellular Telephones

6. 1905 Executive Directive 2 – Employee Discipline

7. Gransell / Watson Training Records

8. Weideman Text messages / Defendant Weideman Response to Interrogatories

9. Executive Directive 16 – Fraternization Policy

10. Executive Directive 7 – Harassment and Hazing

11. Executive Directive 16A – Staff Sexual Assault of Offenders

12. Executive Directive 72 – PREA

13. DAI Policy 310.00.01 – Inmate Complaints re Staff Misconduct

14. HS Policy 300_19 – Responding to Incidents of Sexual Contact

15. Staff Sexual Misconduct Training materials

16. Watson Deposition Exhibit 4 – letter to Carter

17. FLCI organization Chart

18. Medema Deposition Exhibit 1

19. Weideman Personnel File – Discipline for violation of Fraternization Policy

20. Weideman Personnel File – selected documents (selected pages provided to opposing counsel by email)

21. Weideman Personnel File – acknowledgement of Fraternization Policy

22. Gransell / Watson Personnel File (BS 147-152)

4

23. Gransell / Watson Personnel File – selected documents (selected pages provided to opposing counsel by email)

24. Gransell / Watson Personnel File – Warden letter to Watson after her resignation

25. Watson Personnel File – letter of Administrative Leave

26. Watson Personnel File – promotion to Sgt. September 2011

27. Watson Personnel File – Fraternization policy exception request

28. Watson Personnel File – fraternization policy signed acknowledgement

29. Watson Deposition Exhibit 2

30. Watson Deposition Exhibit 5

31. June 11, 2012, 10:29 p.m. call

32. June 11, 2012, 10:56 p.m. call

33. June 12, 2012, 9:01 a.m. call

34. June 12, 2012, 9:22 a.m. call

35. October 8, 2012, 11:14 p.m. call

36. October 8, 2012, 11:29 p.m. call

37. Reserve the right to use additional calls from the call logs produced by defendants.

38. Reserve the right to add additional exhibits as necessary in rebuttal.

## F. DESIGNATION OF DEPOSITIONS OR PORTIONS OF TRANSCRIPTS TO BE READ OR PLAYED AT TRIAL.

Plaintiff does not anticipate reading any deposition transcripts and would only use transcripts for impeachment.

5

### G. TIME NEEDED TO TRY THE CASE

Five Days.

### H. JURY TRIAL FILINGS

#### A.    VOIR DIRE PROPOSED QUESTIONS.

1.    Name, age, occupation?

2.    Married?

    a.    If yes, name, age and occupation of spouse?

3.    Any family members or relatives work in or for law enforcement?

    a.    How involved?

4.    Any family members or relatives work in or for the military?

    a.    How involved?

5.    Have you, your spouse or any member of your family ever experienced any problem (s) with police officers or correctional officers, such as an arrest?

    a.    If yes, please describe experience?

6.    Have you, your spouse or anyone in your family ever filed a claim for a personal injury or accident?

    a.    If yes, please explain the claim or lawsuit that was filed?

    b.    If yes, how was the claim or lawsuit resolved?

    c.    Are you satisfied with how the claim or lawsuit was resolved?

7.    Have you, your spouse or anyone in your family ever been sued in a court of law?

    a.    If yes, please explain the claim or lawsuit that was filed?

    b.    If yes, how was the claim or lawsuit resolved?

6

c.　　Are you satisfied with how the claim or lawsuit was resolved?

8.　　Do you know anyone who has ever filed a claim or lawsuit against law enforcement for injuries or a false arrest?

　　　　a.　　If yes, please explain the claim or lawsuit that was filed?

　　　　b.　　If yes, how was the claim or lawsuit resolved?

9.　　Have you, your spouse or anyone in your family ever been coerced into a sexual relationship with someone who has a clear power imbalance over the individual?

　　　　a.　If yes, please explain the situation?

　　　　b.　If yes, did you consider it an inappropriate relationship? Why or why not?

**B.　　PROPOSED STIPULATIONS**

None.

**C.　　PROPOSED JURY INSTRUCTIONS (next page)**

7

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Proposed Jury Instruction No. 1.
Source:  Seventh Circuit Pattern Civil Jury Instruction 1.01
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, Plaintiff Doniel Carter is a private citizen. Defendant City of Milwaukee is a municipal corporation. Defendants Froilan Santiago, Ed Flynn, Mark Kapusta, Steven Stelter, and Walter McCullough are members of the City of Milwaukee Police Department. All parties are equal before the law. Each of the parties in this case is entitled to the same fair consideration. You are thus not to afford any more credibility to statements made by witnesses or parties because they are police officers, and you are not to afford any less credibility to statements made by witnesses or parties because they are not police officers.

Plaintiff's Proposed Jury Instruction No. 2
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.03
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

9

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that [certain facts are true or that a person would have given certain testimony.

In addition, I have taken judicial notice of certain facts. You must accept those facts as proved.

Plaintiff's Proposed Jury Instruction No. 3
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.04
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by ==[the reading of a deposition/depositions] [and video]==. You should give this testimony the same consideration you would give it had the witness[es] appeared and testified here in court.

Plaintiff's Proposed Jury Instruction No. 4
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.05
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you: First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Proposed Jury Instruction No. 5
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.06
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony

Plaintiff's Proposed Jury Instruction No. 6
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.07
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Proposed Jury Instruction No. 7
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.08
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Proposed Jury Instruction No. 8
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.09
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Proposed Jury Instruction No. 9
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.11
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true. As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence

Plaintiff's Proposed Jury Instruction No. 10
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.12
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence; - the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Proposed Jury Instruction No. 11
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.13
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

18

**PRIOR INCONSISTENT STATEMENTS OR ACTS**

You may consider statements given by a Party or Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner, that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed Jury Instruction No. 12
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.14
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Proposed Jury Instruction No. 13
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.17
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Proposed Jury Instruction No. 14
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.18
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## ADVERSE INFERENCE FROM MISSING WITNESS

[Witness] was mentioned at trial but did not testify. You may, but are not required to, assume that [Witness's] testimony would have been unfavorable to Defendant.

Plaintiff's Proposed Jury Instruction No. 15
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.19
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Proposed Jury Instruction No. 16
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.21
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Plaintiff's Proposed Jury Instruction No. 17
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.24
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**MULTIPLE CLAIMS; MULTIPLE DEFENDANTS**

You must give separate consideration to each claim and each party in this case. Although there are 6 defendants, it does not follow that if one is liable, any of the others is also liable. If evidence was admitted only as to fewer than all defendants or all claims: In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

Plaintiff's Proposed Jury Instruction No. 18
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.25
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Proposed Jury Instruction No. 19
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.27
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**NO NEED TO CONSIDER DAMAGES INSTRUCTION**

If you decide for the defendant[s] on the question of liability, then you should not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 20
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.31
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Forms of verdict read.] (Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.) OR (Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.)

Plaintiff's Proposed Jury Instruction No. 21
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.32
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Plaintiff's Proposed Jury Instruction No. 22
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.34
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. [Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Plaintiff's Proposed Jury Instruction No. 23
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.08
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## USE OF INTERROGATORIES
## (TO BE USED ONLY WHEN INTERROGATORIES ARE READ
## WITHOUT ADMISSION INTO EVIDENCE)

Evidence **may** be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions. You must give the answers the same consideration as if the answers were made from the witness stand.

Plaintiff's Proposed Jury Instruction No. 24
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.09
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Plaintiff's Proposed Jury Instruction No. 25
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.14
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT**

  Plaintiff must prove by a preponderance of the evidence that **each of the named** defendant**s were** personally involved in the conduct that Plaintiff complains about. You may not hold **an** individual defendant liable for what others did or did not do.

Plaintiff's Proposed Jury Instruction No. 26
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.02
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## GENERAL: "UNDER COLOR OF LAW"

One of the things Doniel Carter must prove is that **each** Defendant acted "under color of law."

(a) Public employee defendant

A person who is employed by the government acts "under color of law" if he uses or misuses authority that he has because of his official position. A person may act under color of law even if he is violating a state law or policy. You may find that Defendant acted under color of law even if he was acting outside his authority if he represented himself as having that authority or if he otherwise used his position to accomplish the act.

Plaintiff's Proposed Jury Instruction No. 27
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.03
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

You have heard evidence about whether **each** Defendant's conduct violated a state statute. You may consider this evidence in your deliberations as to the claims of an improper stop, excessive force or false arrest But remember that the issue is whether **each named** Defendant improperly stopped Doniel Carter, falsely arrested Doniel Carter or used excessive force on. Doniel Carter, not whether a statute might have been violated.

Plaintiff's Proposed Jury Instruction No. 28
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.04
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**CLAIM FOR FAILURE OF "BYSTANDER" OFFICER TO INTERVENE – ELEMENTS**

To succeed on his failure to intervene claim against Tara Weideman, Plaintiff Carter must prove each of the following (number of elements) things by a preponderance of the evidence:

1. Defendant Erika Watson had sexual contact with Carter while he was an inmate at Fox Lake and Watson was an employee of Fox Lake.

2. Defendant Tara Weideman knew Defendant Watson was engaging in sexual contact with plaintiff Carter

3. Defendant Weideman had a realistic opportunity to do something to prevent harm from occurring.

4. Defendant Tara Weideman failed to take reasonable steps to prevent harm from occurring.

5. Defendant Weideman's failure to act caused Doniel Carter to suffer harm.

6. Defendant Tara Weideman acted under color of law.

If you find that Doniel Carter has proved each of these things by a preponderance of the evidence, then you must decide for Doniel Carter and go on to consider the question of damages.

If, on the other hand, you find that Doniel Carter has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Tara Weideman, and you will not consider the question of damages.


Plaintiff's Proposed Jury Instruction No. 34
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.22
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**7.16 EIGHTH AND FOURTEENTH AMENDMENTS:
FAILURE TO PROTECT – ELEMENTS DEFENDANT WATSON**

To succeed on his claim regarding failure to protect him from harm by [an]other
[prisoner] [detainee], Plaintiff must prove each of the following (*number of elements*) things by a preponderance of the evidence:

1. There was a strong likelihood that Plaintiff would be seriously harmed as the
result of an assault. [A mere possibility of harm is not a strong likelihood.]

2. Defendant Watson was aware of this strong likelihood that [Plaintiff would be seriously harmed as the result of Watson's sexual advances and / or assaults of Carter [another prisoner/detainee would seriously harm a prisoner/ detainee in Plaintiff's situation] [or strongly suspected facts showing a strong likelihood that Plaintiff would be seriously harmed but refused to confirm whether these facts were true].
[You may infer this from the fact that the risk was obvious.]

3. Defendant consciously failed to take reasonable measures to prevent the assault. [In deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for Defendant to take corrective action, and whether Defendant had legitimate reasons related to safety or security for failing to take [additional] corrective action.]

4. [Plaintiff] [would not have been harmed] [would have suffered less harm] if
Defendant had taken reasonable measures.

[5. Defendant acted under color of law.]

If you find that Plaintiff has proved each of these things by a preponderance of the
evidence, then you must decide for Plaintiff, and go on to consider the question of damages.  If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**Claim against Defendant Watson**

To succeed on plaintiff's Eighth Amendment Claim against defendant Watson, plaintiff must prove each of the following things by a preponderance of the evidence:

1) Plaintiff was incarcerated under conditions that posed a substantial risk of serious harm to his health or safety; and

2) Defendant Watson was deliberately indifferent to plaintiff's health or safety.

With respect to the claim against defendant Watson the term "deliberately indifferent" means that she actually knew of a substantial risk of harm and that he consciously disregarded this risk through her actions.

Plaintiff's Proposed Jury Instruction No. 39
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.15 and *J.K.J v. Polk Cty*, 15-cv-428-wmc.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DAMAGES: COMPENSATORY

If you find in favor of Doniel Carter on one or more of Doniel Carter' claims, then you must determine the amount of money that will fairly compensate Doniel Carter for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of physical injuries Doniel Carter suffered.

Doniel Carter must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical, mental and emotional pain and suffering, and disability or loss of a normal life that Doniel Carter has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering or disability or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Doniel Carter for the injury he has sustained.

b. The reasonable value of medical care and supplies that Doniel Carter reasonably needed and actually received as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.

c. The wages and earning capacity that Doniel Carter has lost and the present value of the wages and earning capacity that Doniel Carter is reasonably certain to lose in the future because of his inability to work.

If you return a verdict for Doniel Carter, but Doniel Carter has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Plaintiff's Proposed Jury Instruction No. 39
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.26
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

# DAMAGES: PUNITIVE

If you find for Doniel Carter, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Doniel Carter must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that any of the Defendants' conduct was malicious or in reckless disregard of Doniel Carter' rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Doniel Carter. Conduct is in reckless disregard of Doniel Carter' rights if, under the circumstances, a Defendant simply did not care about Doniel Carter' safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of any of the Defendants' conduct;

- the impact of any of the Defendants' conduct on Doniel Carter;

- the relationship between Doniel Carter and Defendants;

- the likelihood that any Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Doniel Carter suffered.

Plaintiff's Proposed Jury Instruction No. 40
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.28
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

40

## PROPOSED SPECIAL VERDICT FORM

We, the jury, find as follows on the claims of the Plaintiff, Doniel Carter, against the Defendants Watson and Weideman:

## QUESTION NO. 1: FAILURE TO INTERVENE

Did Defendant Weideman fail to intervene to prevent Defendant Watson from violating Plaintiff's constitutional rights, including the sexual assault of Doniel Carter?

Answer:      a. Tara Weideman   _____ YES      _____ NO

## QUESTION NO. 2: Deliberate Indifference

Did Defendant Erika Watson prove by a preponderance of the evidence his Eighth Amendment claim against defendant Erika Watson?

Answer:      _____ YES      _____ NO

## <u>COMPENSATORY DAMAGES</u>

We, the jury, award the Plaintiff, Doniel Carter, compensatory damages in the amount of $_____.

## <u>PUNITIVE DAMAGES</u>

We, the jury, award the Plaintiff, Doniel Carter, punitive damages against Tara Weideman in the amount of $_____.

41

We, the jury, award the Plaintiff, Doniel Carter, punitive damages against

Erika Watson in the amount of $_____.

**Please sign and date the form below:**

_____     _____
Presiding Juror

_____     _____


_____     _____


_____     _____

Date:  October 12, 2021

DAVEY & GOLDMAN
Attorney for Plaintiff


*Electronically signed by Lisa C. Goldman*
Lisa C. Goldman
State Bar No. 1029893
Bruce M. Davey
State Bar No. 1012256
5609 Medical Circle, Suite 101
Madison, WI 53719
Phone:  608-630-9700
Fax:  608-205-5645


**CADE LAW GROUP LLC**


By: s/Nathaniel Cade, Jr.
    Nathaniel Cade, Jr.
    P.O. Box 170887
    Milwaukee, WI  53217
    (414) 255-3802 (phone)
    (414) 255-3804 (fax)
    nate@cade-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, October 12, 2021, I electronically filed the above document in this matter, PDF Formatted, with the Clerk of Court for the Eastern District of Wisconsin using the CME/ECF system. All of the Defendants, are represented by attorneys who are registered user of the United States District Court Eastern District of Wisconsin CME/ECF system.

Dated: October 12, 2021

DAVEY & GOLDMAN

_____/s/ Lisa C. Goldman_____
Lisa C. Goldman, SBN 1029893
Davey & Goldman
5609 Medical Circle, Suite 101
Madison, WI 53719
(608) 630-9700 (telephone)
(608) 205-5645 (facsimile)
lgoldman@daveygoldman.com (email)

Attorneys for Plaintiff

44