IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DONIEL CARTER,

      Plaintiff,

    v.                         Case No. 18-CV-0727

ERIKA WATSON AND
TARA WEIDEMAN

      Defendants.

## DEFENDANT WEIDEMAN'S OBJECTION TO PLAINTIFF'S JURY INSTRUCTIONS

Defendant Tara Weideman, by her attorneys, objects to Plaintiff's proposed jury instructions as follows:

**Plaintiff's Proposed Jury Instruction 2:**

The instruction appears to be copied from another case. For accuracy, the instruction should identify Plaintiff Doniel Carter as a former prisoner and private citizen, Defendant Erika Watson as a former correctional officer and Tara Weideman as a current correctional officer.

**Plaintiff's Proposed Jury Instruction 15:**

Defendant Weideman objects that the proposed finding refers only to an adverse inference to the Defendant, not to either party. The Committee Comments to Seventh Circuit JI 1.19 provide the criteria for giving this instruction. Plaintiff has not provided any information about any witnesses that they believe are missing and

would warrant this instruction. This instruction should not be included absent the showing described in the comments.

**Plaintiff's Proposed Jury Instruction 16:**

No expert witnesses were disclosed by any party. This instruction is not necessary.

**Plaintiff's Proposed Jury Instruction 18:**

The proposed instruction identifies 6 Defendants rather than the correct number of 2 Defendants. The pattern instruction should be given identifying 2 Defendants and the italicized language should be removed.

**Plaintiff's Proposed Jury Instruction 27:**

Defendant Weideman does not dispute the under color of law element and has not included it in her proposed jury instructions. If this element is undisputed by both Defendants, this instruction is not necessary.

**Plaintiff's Proposed Jury Instruction 28:**

This instruction incorrectly identifies the claims at issue in this case including an improper stop and false arrest. An accurate statement of the issues in this case for this pattern instruction is contained in Defendant Weideman's proposed Jury Instruction 4. (Dkt. 89-2 at 6.)

**Plaintiff's Proposed Jury Instruction 34:**

Defendant Weideman objects that the Plaintiff's proposed instruction does not identify the constitutional violation claimed in element 1 as required under Pattern Instruction 7.22. The proposed instruction states "had sexual contact with Carter." It

2

should refer to the alleged constitutional violation by Defendant Watson, such as "used excessive force" or "was deliberately indifferent to Carter's safety."

In addition, the failure of a "bystander" officer to intervene instruction is not an appropriate fit for the facts of this case. Element 2 of Pattern Instruction 7.22 refers to an immediate act that the officer was a "bystander" to. The instruction reads "Defendant knew that [Officer] **was/was about** to [describe constitutional violation claimed, e.g., "falsely arrest Plaintiff" "use excessive force on Plaintiff"].

The more appropriate instruction for Defendant Weideman is the Failure to Protect Pattern Instruction 7.16. (Dkt. 89-2 at 10.)

**Plaintiff's Proposed Jury Instruction 39:**

Defendant Weideman objects to this instruction regarding the elements of the claim against Defendant Watson. The proposed instruction combines the elements of two different types of claims. First the proposed instruction sets forth the elements from Pattern Instruction 7.16: Failure to Protect. The instruction then also sets forth two different elements, from the jury instructions in *JKJ v. Polk County*, 15-cv-428-wmc (W.D. Wis.) The *JKJ* instruction is based on Seventh Circuit Pattern Instruction 7.15: Jail/Prison Conditions of Confinement.

Both 7.15 Conditions of Confinement and 7.16 Failure to Protect were revised by the Seventh Circuit Committee in its August 2017 revisions, after the trial in *JKJ* that ended in February 2017. The Committee removed the term and definition of "deliberate indifference" and instead created elements two and three to encompass the concept of deliberate indifference in ordinary language. JI 7.15, 7.16 Comment e.

3

The current pattern instructions for 7.15 Conditions of Confinement and 7.16 Failure to Protect include the element of "failed to take reasonable measures to prevent" harm from occurring. (JI 7.15, 7.16 Element 3.) This does not fit well with the allegations of affirmative conduct by Defendant Watson harming Plaintiff through forced sexual acts.

As stated in Defendant Weideman's proposed jury instructions and in her Motion in Limine 1, the claim against Watson in this case should be given to the jury under a modified excessive force jury instruction that includes language on consent. *Freitas v. Ault*, 109 F.3d 1335, 1339 (8th Cir. 1997); *Graham v. Sheriff of Logan Cty.*, 741 F.3d 1118, 1126 (10th Cir. 2013); *Wood v. Beauclair,* 692 F.3d 1041, 1049 (9th Cir. 2012); *see also* Consent Behind Bars: Should It Be A Defense Against Inmate's Claims of Sexual Assault, 2019 U. Chi. Legal F. 415.

Regardless of whether the jury is instructed on Watson's conduct under a conditions of confinement or excessive force claim, Defendants must be permitted to make a consent defense. The Seventh Circuit's holding in *JKJ v. Polk County* is clear that the defendant in that case could raise a consent defense. 960 F.3d 367, 376 (7th Cir. 2020). The court stated: "if the jury had bought Christensen's story that J.K.J. and M.J.J. were willing participants (and, for that matter, even capable of being willing participants under the circumstances), it would have found that the women had not met their evidentiary burdens of proving that he acted with deliberate indifference to their safety and well-being." *Id*.

4

As Plaintiff concedes, the Seventh Circuit in *JKJ* did not address Wis. Stat. § 940.225(2)(h), the criminal statute involving sexual contact between correctional officers and prisoners. The Defendant in *JKJ* had even been convicted criminally for his conduct. The Eighth Amendment constitutional claims at issue here are separate and distinct from whether a criminal violation under Wisconsin state law occurred. The Seventh Circuit's holding in *JKJ* is that the defendant could raise a consent defense to an Eighth Amendment civil rights claim because this is separate and distinct from the elements of an offense under state criminal law. Seventh Circuit Pattern Instruction 7.04 explains this exact distinction.

Further, at the district court, Judge Conley ordered a jury instruction on a consent defense to the harm element and provided language for this instruction at trial. (15-cv-428 Dkt. 238 at 4-5.) It was only after hearing all of the evidence that Judge Conley determined that no reasonable jury could conclude that the victims had not been harmed by the sexual acts, so that consent would not be instructed as to the harm element, but could still be argued as to damages. (15-cv-428 Dkt. 255) And again, as the Seventh Circuit held, the defendant could argue consent as a defense to the deliberate indifference element, which as explained above, was revised and re-worked into two elements in the current instruction.

This case is also significantly different than the facts of *JKJ*. Defendant Watson was never charged criminally for her conduct. There is significant evidence of an ongoing consensual, flirtatious relationship between Watson and Carter spanning hundreds of phone calls over many months. There will be evidence offered

5

at trial that Watson visited Carter in prison over 20 times and also that Carter lived with Watson after his release. Based on Carter's recent supplemental discovery responses received yesterday, it appears that Carter is now claiming that he was trying to protect Watson from criminal liability by denying that they had sexual contact while he was housed at Fox Lake.

The jury should be instructed as to consent and how it applies to the elements of Watson's claims, as provided in Defendant Weideman's proposed jury instructions.

Dated: October 15, 2021

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Brandon T. Flugaur
BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

Attorneys for Defendant Weideman

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1780
(608) 294-2907 (Fax)
flugaurbt@doj.state.wi.us

6