UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONIEL CARTER,

        Plaintiff,

        v.        Case No. 18-cv-727-bhl

ERIKA WATSON, et al.,

        Defendants.

# JURY INSTRUCTIONS

### 1.01 FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex. Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

### 1.03 ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, Plaintiff Doniel Carter is a private citizen, Defendant Erika Watson is a former correctional officer, and Defendant Tara Weidemann is a current correctional officer. All parties are equal before the law. You are not to afford any more credibility to statements made by witnesses or parties because they are or were correctional officers, and you are not to afford any less credibility to statements made by witnesses or parties because they were not correctional officers.

## 1.04 EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

In addition, if I have taken judicial notice of certain facts, you must accept those facts as proved.

## 1.06 WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## 1.07 NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## 1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## 1.09 LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## 1.12 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## 1.13 TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

– the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

– the witness's memory;

– any interest, bias, or prejudice the witness may have;

– the witness's intelligence;

– the manner of the witness while testifying; and

– the reasonableness of the witness's testimony in light of all the evidence in the case.

### 1.14 PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

### 1.15 IMPEACHMENT OF WITNESS — CONVICTIONS

You have heard evidence that Plaintiff Carter has been convicted of a crime. You may consider this evidence only in deciding whether Plaintiff Carter's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

### 1.16 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

### 1.17 NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

### 1.18 ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

### 1.24 DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits, e.g., models, diagrams, devices, sketches have been shown to you. Those are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

### 1.25 MULTIPLE CLAIMS; MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable. In considering a claim against a defendant, you must not consider evidence admitted only against the other defendant or only as to the other claim.

### 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

### 1.31 NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

### 1.32 SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

### 1.33 COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to Mr. Eder, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## 1.34 DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## 2.07 TRANSCRIPT OF RECORDING

You are about to hear a recording that has been received in evidence. This recording is proper evidence and you may consider it, just as any other evidence.

You will be given a transcript to use as a guide to help you follow as you listen to the recording. The transcript is not evidence of what was actually said or who said it. It is up to you to decide whether the transcript correctly reflects what was said and who said it. If you notice any difference between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if after careful listening, you cannot hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

## 2.09 USE OF INTERROGATORIES (TO BE USED ONLY WHEN INTERROGATORIES ARE READ WITHOUT ADMISSION INTO EVIDENCE)

Evidence may be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

## 2.14 JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

### 7.01 GENERAL: DEPARTMENT OF CORRECTIONS NOT A PARTY

Defendant Watson and Defendant Weidemann are being sued as individuals. Neither the Wisconsin Department of Corrections nor the State of Wisconsin is a party to this lawsuit.

### 7.02 GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff Carter must prove by a preponderance of the evidence that each named defendant was personally involved in the conduct that he complains about. You may not hold an individual liable for what others did or did not do.

### 7.04 LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES

You have heard evidence about whether the defendants' conduct complied with Wisconsin statutes and institution rules, policies, or procedures.

You may consider this evidence in your deliberations. But remember that the issue is whether the defendants violated Plaintiff Carter's Eighth Amendment Rights, not whether the statutes, rules, policies, or procedures might have been complied with.

### 7.15 EIGHTH AMENDMENT: DELIBERATE INDIFFERENCE – ELEMENTS

To succeed on his Eighth Amendment deliberate indifference claim against Defendant Watson, Plaintiff Carter must prove each of the following things by a preponderance of the evidence:

1. Plaintiff Carter was incarcerated under conditions that posed a substantial risk of serious harm to his health or safety; and

2. Defendant Watson was deliberately indifferent to Plaintiff Carter's health or safety.

With respect to the claim against Defendant Watson the term "deliberately indifferent" means that she actually knew of a substantial risk of harm and that she consciously disregarded this risk through her actions.

If you find that Plaintiff Carter has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff Carter, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff Carter has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant Watson, and you will not consider the question of damages.

## 7.16 EIGHTH AMENDMENT: FAILURE TO PROTECT – ELEMENTS

To succeed on his Eighth Amendment failure to protect claim against Defendant Weideman, Plaintiff Carter must prove each of the following four things by a preponderance of the evidence:

1. There was a strong likelihood that Plaintiff Carter would be seriously harmed as the result of an assault. A mere possibility of harm at some time in the future is not a strong likelihood.

2. Defendant Weideman was aware of this strong likelihood that Plaintiff Carter would be seriously harmed as the result of an assault or strongly suspected facts showing a strong likelihood that Plaintiff Carter would be seriously harmed but refused to confirm whether these facts were true.

3. Defendant Weideman consciously failed to take reasonable measures to prevent the assault. In deciding this, you may consider how serious the potential harm to Plaintiff Carter was, how difficult it would have been for Defendant Weidemann to take corrective action, and whether Defendant Weidemann had legitimate reasons related to safety or security for failing to take additional corrective action.

4. Plaintiff Carter would not have been harmed if Defendant Weidemann had taken reasonable measures.

If you find that Plaintiff Carter has proved each of these things by a preponderance of the evidence, then you must decide in his favor, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff Carter has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant Weideman, and you will not consider the question of damages with respect to his claims against her.

## 7.26 DAMAGES: COMPENSATORY

If you find in favor of Plaintiff Carter on one or more of his claims, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of any injuries he suffered.

Plaintiff Carter must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following type of compensatory damages, and no others:

− The physical, mental, and emotional pain and suffering that Plaintiff Carter has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental, and emotional pain and suffering needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Plaintiff Carter for the injury he has sustained.

# 7.28 DAMAGES: PUNITIVE

If you find for Plaintiff Carter, you may, but are not required to, assess punitive damages against the defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to the defendants and others not to engage in similar conduct in the future.

Plaintiff Carter must prove by a preponderance of the evidence that punitive damages should be assessed against the defendants. You may assess punitive damages only if you find that the defendants' conduct was malicious or in reckless disregard of Plaintiff Carter's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff Carter. Conduct is in reckless disregard of Plaintiff Carter's rights if, under the circumstances, the defendants simply did not care about his safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the defendant's conduct;

- the impact of the defendant's conduct on the plaintiff;

- the relationship between the defendant and the plaintiff;

- the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.