IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

DONIEL CARTER,

        Plaintiff,

    v.                                 Case No. 18-CV-0727

ERIKA WATSON,

        Defendant,

STATE OF WISCONSIN,

        Intervenor Defendant.

---

**INTERVENOR DEFENDANT STATE OF WISCONSIN'S
BRIEF IN SUPPORT OF MOTION TO INTERVENE**

---

The State of Wisconsin moves to intervene in this action in order to obtain a declaratory judgment that Defendant Watson was not acting within the scope of her employment and, therefore, the State is not liable for indemnification under Wis. Stat. § 895.46(1)(a). Intervention is now appropriate because the question of whether Watson had sexual contact with Carter was a factual issue that needed to be determined by the jury and the jury has now made that determination. Moreover, the question as to the State's indemnification responsibility is now ripe given that the jury *did find liability* as to Watson, but *did not find liability* as to Weideman.[1]

---

[1] Stated another way, the issue of indemnity would have been moot had the jury found in favor of Watson. Based on joint and several liability, the issue of indemnity would have also been moot had the jury rendered a verdict adverse to Weideman.

In the event that the Court declines to grant the State's motion to intervene on the scope issue, the State is entitled to intervene in order to ensure that the final judgment in this case is consistent with the applicable law. Specifically, if this Court declines to find that Defendant Watson was acting outside the scope of her employment, then the State could be liable for indemnification under Wis. Stat. § 895.46(1)(a). Under that scenario, the State has an interest in ensuring that the final judgment in this case is consistent with the applicable law.

As it is presently contemplated, the final judgment is not consistent with the applicable law for two principal reasons: (1) it ignores the applicability and the limitations of the Prison Litigation Reform Act, and (2) it ignores the irregularities and unconstitutionality of the jury's punitive damages verdict. These arguments are set forth in the State's Brief in Support of Motion for Declaratory Judgment, fully incorporated herein by reference.

To the extent that the Court does not permit intervention, the State asks the court to review the State's arguments[2] with respect to the current legal irregularities of the potential final judgment. It is likely that Watson and/or Carter intend to, or have at least contemplated, bringing an indemnification action in state court after conclusion of this case.[3] *If Watson has, or intends to assign her indemnification rights to Carter, then neither remaining party in this case has an incentive to correct the*

_____

[2] The arguments are contained in the State of Wisconsin's Brief in Support of Motion for Declaratory Judgment. They are not copied and pasted in this brief in the interest of efficiency.

[3] The post-trial billing records of Attorney Goldman reveal that she was researching indemnity after the jury's verdict. (Dkt. 108, p. 16 (11/08/21 entry).)

*amount of the final judgment even if it's legally unsound.* If this Court does not rule on scope, the judgment should be corrected so that any indemnification action against the State in state court is for a dollar amount supported by law.

Another outcome of this motion could be a knowing and intentional waiver by the remaining parties in this action. If both Carter and Watson waive any claims or rights they may have against the State, then the State would have no interest requiring status as an intervenor.

## ARGUMENT

### I.    The State is entitled to intervene under Fed. R. Civ. P. 24(a)(2).

The State should be permitted to intervene in the present action pursuant to Fed. R. Civ. P. 24(a), which states:

> On timely motion, the court may permit anyone to intervene who...(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

To intervene as a matter of right, the movant must establish: (1) the motion is timely; (2) they possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the existing parties fail to adequately represent their interest. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007); *Reid L. v. Illinois State Bd. of Ed.*, 289 F.3d 1009, 1017 (7th Cir. 2002). In this case, the State has satisfied each of the four requirements for intervention as of right.

### A. The motion is timely.

Courts look to four factors to determine whether a motion is timely: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances." *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 719 F.3d 785, 797-98 (7th Cir. 2013).

The State's motion is timely because the issues of whether Watson was acting within the scope of her employment, and the State's potential liability for indemnification of Defendants Weideman or Watson, were not ripe for adjudication until after the jury's verdict. *See Medical Assur. Co., Inc. v. Hellman*, 610 F. 3d 371, 375 (7th Cir. 2010); citing *Lear Corp. v. Johnson Elec. Holdings Ltd.,* 353 F.3d 580, 583 (7th Cir. 2003) (collecting cases).

The question of whether Watson was deliberately indifferent to Carter's health and safety required the jury to settle the highly contested fact issue of whether Watson had sexual contact with Carter, while he was incarcerated and she was employed at Fox Lake. The jury's finding that Watson had sexual contact with Carter is the key factual finding as to whether she acted within the scope of her employment. *See Martin v. Milwaukee Cty.*, 904 F.3d 544, 550, 551 (7th Cir. 2018).

Moreover, if the jury had found that both Defendants Weideman and Watson were liable, then regardless of whether Watson was acting within the scope of her employment, the State would be liable for indemnification because defendants are jointly and severally liable in § 1983 actions. *Thomas v. Cook County Sheriff's Dept.*,

604 F.3d 293, 315 (7th Cir. 2010). And if the jury had found that neither defendant was liable, then there would be no scope or indemnification question.

Here, the jury found Defendant Watson liable for sexual contact with Plaintiff Carter, and found Defendant Weideman not liable. Therefore, the question of whether Defendant Watson was acting within the scope of her employment and entitled to indemnification from the State is now ripe for adjudication.

To the extent that Plaintiff attempts to argue that the State is not entitled to intervenor status because it previously exited the case via a motion to dismiss, that argument would be misplaced. At the beginning of the lawsuit, Plaintiff Carter named "State of Wisconsin Department of Corrections" as a Defendant to liability. The "State of Wisconsin Department of Corrections" moved to dismiss because the State and its agencies are not suable entities under § 1983, the Eleventh Amendment barred suit against the State and the Department, and the court lacked personal jurisdiction over the state law claims because of sovereign immunity. (Dkt. 9-10.) Plaintiff did not oppose the motion and the Court granted the motion to dismiss. (Dkt. 11-12.)

The State of Wisconsin and WDOC were properly dismissed as defendants because they could not be sued for liability under Carter's claims. The State's liability for indemnification is a separate issue that was not yet ripe for adjudication. Even if the State tried to remain in the lawsuit to pursue the indemnification issue via a declaratory judgment action, it would have been proper for the Court to dismiss the State because the indemnification issue was not yet ripe. *See, e.g., Medical Assur.,*

610 F. 3d 371, 375 ("The district court was aware that the duty-to-indemnify claim was not ripe, but rather than dismiss that aspect of the case, it included it in the stay that was issued. The proper disposition, however, would have been to dismiss." (citing *Nationwide Ins. v.* Zavalis, 52 F.3d 689, 693 (7th Cir. 1995)). Therefore, the State's declaratory judgment action is only now ripe, and intervention at this time is proper.

Granting the motion to intervene will not prejudice the other parties because they have always known that Watson could pursue indemnification if it became ripe. Denying the motion would unduly prejudice the State's ability to obtain a determination of its indemnification liability (and to correct the irregularities in the damages verdict before either party tries to use it against the State).

**B.      The State has an interest in the present action.**

With the legal issues now ripe for adjudication, the State has an interest in the Court's determination of whether Watson was acting within the scope of her employment. The scope question is determinative of whether the State is liable for indemnification of the damages and attorneys' fees that may be awarded to Carter against Defendant Watson under Wis. Stat. § 895.46(1)(a). Further, if the Court finds that Watson was acting within the scope of her employment, then by virtue of its indemnification liability, the State has an interest in the amount of damages and attorney's fees awarded against Watson.

**C.** **The disposition of the present action would impair or impede the State's ability to protect its interests.**

Without the ability to participate in this action in the post-trial phase, the State is unable to protect its financial interests with regards to its liability for indemnification of Watson for the jury's damages award and the Court's order on Carter's motion for attorney's fees.

**D.** **The State's interests are not represented by any other party in this action.**

To avoid personal liability for the punitive damages award, Defendant Watson may argue that she was acting within the scope of her employment and seek indemnification from the State under Wis. Stat. § 895.46(1)(a). Plaintiff Carter may seek assignment of Watson's indemnification rights and seek payment of the damages from the State. Defendant Weideman is no longer in the case because she prevailed at trial. Further, she is an individual defendant sued in her personal capacity and she does not represent the interests of the State.

No party currently represents the interests of the State regarding Watson's conduct being outside the scope of her employment under Wis. Stat. § 895.46(1)(a), or the State's indemnification liability for the damages and attorney's fees assessed against Watson. Indeed, in furtherance of Watson's personal liability interests and Carter's collections interests, the remaining parties likely want the scope issue resolved in Watson's favor. This is especially applicable to the extent that Watson has assigned, or intends to assign, her indemnification interest to Carter. In that scenario, Watson would not even have an interest in challenging the amount of the

final judgment and/or correcting the irregularities in the damages verdict before either party tries to use it against the State.

## II. Alternatively, the State should be permitted to intervene under Fed. R. Civ. P. 24(b).

Even if this Court finds that the State is not entitled to intervene, the Court should permit the State to intervene, under Fed. R. Civ. P. 24(b), for all the reasons stated above.

## CONCLUSION

WHEREFORE, the State of Wisconsin moves the Court to grant its motion to intervene and grant leave to file its intervenor complaint for declaratory judgment.

Dated: November 19, 2021

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Ann M. Peacock
ANN M. PEACOCK
Assistant Attorney General
State Bar #1046175

Attorneys for State of Wisconsin

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-9230
(608) 294-2907 (Fax)
peacockam@doj.state.wi.us