UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONIEL CARTER,

        Plaintiff,

v.                                           Case No. 18-cv-727-bhl

ERIKA WATSON,

        Defendant.

## ORDER

Plaintiff Doniel Carter filed this case in May 2018, alleging that his Eighth Amendment rights were violated in connection with unwanted sexual encounters at the Fox Lake Correctional Institution. Dkt. No. 1. In November 2021, the Court presided over a four-day jury trial on Carter's claims against Defendants Ericka Watson and Tara Weidemann. Dkt. No. 100 & 101. After several hours of deliberations, the jury returned a split verdict. Dkt. No. 104. It found that Watson violated Carter's Eighth Amendment rights, but Weidemann did not. *Id*. The jury then declined to award Carter any compensatory damages, but found Watson liable for $125,000 in punitive damages. *Id*.

On June 16, 2022, the Court resolved several post-trial motions, including Carter's motion for attorney's fees. Dkt. No. 129. Applying the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e, the Court awarded Carter $141,292.38 in attorney's fees, consistent with the calculation methodology outlined in the Seventh Circuit's decision in *Johnson v. Daley*, 339 F.3d 582, 583-84 (7th Cir. 2003). Dkt. No. 129 at 15-16.

Though not liable for any portion of the fee award, Weidemann has filed a motion to alter it, insisting the award includes a math error. Dkt. No. 131. More specifically, Weidemann argues the Court erroneously added the portion of Carter's recovery used to satisfy attorney's fees (an amount equal to 25% of the judgment) to the statutory cap on damages when it should have subtracted that amount in arriving at the final fee award. *Id*. In her reply, Weidemann concedes the Seventh Circuit used the same arithmetic method in *Johnson*, but argues that *Johnson's* calculation is both wrong and mere dicta. Dkt. No. 133 at 5-8. She further notes that, on remand, the district court in *Johnson* assessed attorney's fees consistent with her proposed method. *Id*. That is, the district court subtracted the plaintiff's contribution toward attorney's fees from the statutory cap to determine the defendant's ultimate liability for fees. *Id*.

Carter opposes the motion. Dkt. No. 132. He first challenges Weidemann's standing even to challenge the attorney's fees award. *Id*. Carter also claims that the Court's calculation was consistent with the Seventh Circuit's calculation, and in any case, he achieved an extraordinary result, so he is eligible for an upward enhancement of attorney's fees. *Id*.

I.  **Weidemann Lacks Standing to Challenge Attorney's Fees.**

"Standing is a threshold question in every federal case because if the litigants do not have standing to raise their claims[,] the court is without authority to consider the merits of the action." *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (internal quotations and citations omitted). The general rule is that a litigant must assert her own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties. *Department of Labor v. Triplett,* 494 U.S. 715, 720 (1990). This general rule has limited exceptions, however. *Powers v. Ohio*, 499 U.S. 400, 410–11 (1991). A litigant may assert a claim on behalf of a third party provided three important criteria are satisfied: (1) the litigant must have

suffered an injury in fact, giving her a sufficiently concrete interest in the outcome of the issue in dispute; (2) the litigant must have a close relation to the third party; and (3) there must exist some hindrance to the third party's ability to protect her own interests. *Id*.

Weidemann's motion fails because the attorney's fees award has nothing to do with her. She is not responsible for paying attorney's fees because she prevailed at trial; the jury returned a verdict in her favor. *See* 42 U.S.C. §1988. She therefore does not have an injury in fact and lacks standing to challenge the award of attorney's fees. Weidemann explains that, if the Court denies her motion based on lack of standing, the State of Wisconsin will simply refile the motion. Be that as it may, the Court cannot side-step the threshold question of standing. Therefore, the Court will deny Weidemann's motion to alter judgment or relief from judgment regarding the attorney's fees award.

## II. Even if Weidemann Had Standing, the Court is Bound by the Seventh Circuit's Interpretation of the PLRA and Its Application to Attorney's Fees Calculations in Prisoner Lawsuits.

The PLRA provides in relevant part:

> (2) Whenever a monetary judgment is awarded . . . a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees . . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18 for payment of court-appointed counsel.

42 U.S.C. §1997e(d)(2)-(3).

The Seventh Circuit, sitting *en banc*, addressed these provisions in *Johnson v. Daley*, 339 F.3d 582, 583-84 (7th Cir. 2003), upholding the fee cap provisions of the PLRA against an equal protection challenge. *Id.* at 583. Indeed, most of the plurality's analysis concerns whether Congress had a rational basis for imposing the caps. *Id.* at 585-98. But before engaging in this

3

discussion, the Court applied the PLRA's caps to the facts of *Johnson*. In doing so, the Seventh Circuit explained that subsection (2) establishes "relative limits" on an attorneys' fee award while subsection (3) establishes "an absolute limit" on such an award. *Id.* at 583-84.[1] It further explained that "attorneys' compensation comes first from the damages . . . and only if 25% of the award is inadequate to compensate counsel fully may defendant be ordered to pay more under § 1988." *Id.* at 585.

With respect to the specific facts in *Johnson*, the jury awarded the plaintiff a total of $40,000—$10,000 in actual damages plus $30,000 in punitive damages. *Id.* at 584. Using these figures, the Court of Appeals clarified that "the relative cap under subsection (2) [was] $60,000 in fees (150% of the judgment), and application of the absolute cap in subsection (3) produce[d] a lower award of $36,451.50." *Id.* It then concluded that "[u]nder § 1997e(d) counsel could receive a maximum of $46,451.50 for legal services—$10,000 from the [damages] award *plus* $36,451.50 extra from [Defendant]." *Id.* (emphasis added). In short, based upon the Seventh Circuit's analysis, a prevailing attorney can be awarded fees in excess of the absolute cap because the amount he receives under the relative cap in subsection (2) is added (rather than subtracted) from the absolute cap in subsection (3). This Court relied on that analysis to calculate fees in its June 16, 2022 order.

The parties agree on the basic calculations at issue, but not the mechanics of how they should be applied under the statute. Thus, there is no dispute that:

- Carter seeks $261,059.39 in attorney's fees based on the varying rates of four attorneys and paralegals as well as costs and premium fees;
- Carter received an award of $125,000;
- a portion of that award—$31,250, or 25% of the $125,000 judgment—must be applied to satisfy plaintiff's attorney's fees under subsection (2) of the statute;

---

[1] Recently, the United States Supreme Court confirmed that a district court is required to exhaust 25% of the prisoner's judgment before demanding payment from the defendants. *Murphy v. Smith*, 138 S.Ct. 784, 787 (2018).

4

- the relative limit on plaintiff's attorney's fees under subsection (2) is $187,500 (150% of $125,000); and
- the absolute limit under subsection (3) is $110,042.38.

The parties dispute, however, how the statute applies to these numbers in determining the amount the losing defendant (Watson) must pay plaintiff's counsel for fees under the PLRA. More specifically, they dispute whether the 25% of the damages award ($31,250), which the statute provides must go toward satisfying counsel's fee award, should be added to or subtracted from the absolute maximum fee of $110,042.38 calculated under subsection (3).

Weidemann's suggestion that the plain language of the statute and portions of the Seventh Circuit's substantive discussion of the PLRA support subtracting, or netting out, the portion of the judgment ($31,250) that must be applied to attorney's fees is not without logic. Indeed, in *Johnson*, the Seventh Circuit suggested such logic: "attorneys' compensation comes first from the damages . . . and only if 25% of the award is inadequate to compensate counsel fully may defendant be ordered to pay more under § 1988." 339 F.3d at 585. But the Court of Appeal's application of the statute to the facts in *Johnson* shows the opposite. In these circumstances, this Court will do as the Seventh Circuit did, not as Weidemann suggests it should have done. The calculation the Court of Appeals performed in *Johnson* has been unquestioned in the caselaw for almost two decades, and this Court will not assume that every judge in the Seventh Circuit's *en banc* panel made and overlooked a calculation error, which the Court of Appeals then failed to comment on, let alone correct, for 19 years.

This means, under subsection (2), the maximum recoverable fees total $187,500, and $31,250 of that must come from Carter's award. The excess is charged to Watson but is capped at $110,042.35 under subsection (3). Thus, Carter's attorneys can recover $141,292.35—less than the maximum possible recovery under subsection (2)—because Watson is responsible for paying
5

all of subsection (3)'s absolute cap unless doing so would tip the total award beyond the cap in subsection (2).

**IT IS THEREFORE ORDERED** that Weidemann's amended motion to alter judgment or relief from judgment regarding attorney fees award (Dkt. No. 131) is **DENIED**.

Dated at Milwaukee, Wisconsin on December 12, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge